UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUHAMMAD ZAIDI,

    Plaintiff,                                    CASE NO.

Vs.                                                   HON.:

FORD MOTOR COMPANY,

a Corporation,

    Defendant.

_____/
JOEL B. SKLAR (P38338)
Attorney for Plaintiff
1116 Ford Building
615 Griswold
Detroit, MI 48226
313-963-4529
Joelb79@hotmail.com

JEFFREY S. BURG (P38381)
Attorney for Plaintiff
35055 W. Twelve Mile Road, Ste. 132
Farmington Hills, 48331
(248) 225-5027
jburg@comcast.net
_____/

**COMPLAINT AND JURY DEMAND**

    Plaintiff Muhammad Zaidi, by and through his counsel, files this Complaint and Jury Demand and says:

1. This suit is brought and jurisdiction lies pursuant to §107 of the Americans with Disabilities Act (ADA), 42 USC 12117, which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e-5, and pursuant

to the Michigan Persons With Disabilities Civil Rights Act ("PWDCRA"), MCL 37.1201 *et seq.*

2. Plaintiff filed a charge of employment discrimination on the basis of disability with the Equal Employment Opportunity Commission (EEOC) within 300 days of the commission of the unlawful employment practice alleged in this claim.

3. Plaintiff was issued a right-to-sue letter from the EEOC on or about November 17, 2010, and has filed this Complaint within 90 days of receiving the EEOC's notice of the right to sue.

4. Plaintiff is a citizen of the United States and the State of Michigan and resides in the County of Wayne.

5. All of the discriminatory employment practices alleged in this Complaint occurred in the State of Michigan, County of Wayne.

6. Defendant is a corporation with its office and principal place of business in the State of Michigan, County of Wayne.

7. Defendant is a person within the meaning of §101(7) of the ADA, 42 USC 12111(7), and §701 of Title VII of the Civil Rights Act of 1964, 42 USC 12111(5)(a) and the PWDCRA, MCL 37.1201 *et seq*.

## COMMON ALLEGATIONS

8. Plaintiff worked as an engineer for Defendant until his termination of employment on or about June 25, 2009.

9. At all material times, Plaintiff performed his job duties in a manner that was satisfactory or better.

2

10. In 2006, Plaintiff was diagnosed as having plantar fascia with severe swelling and fluid retention in both feet.

11. In 2008, Plaintiff underwent surgery for his feet and was placed on medical leave of absence to allow himself to receive medical treatment and to convalesce from the injury.

12. On June 15, 2009, Plaintiff's physician extended his medical leave until August 15, 2009.

13. On June 24, 2009, Plaintiff was instructed by his supervisor to return to work the following day, with restrictions.

14. Plaintiff requested accommodations which were denied.

15. On June 25, 2009, Plaintiff returned to work and was told that he was "laid off".

16. Defendant has not allowed Plaintiff to return to work despite his ability and desire to return to work.

## COUNT I: VIOLATION OF THE AMERICAN WITH DISABILITIES ACT

17. At all relevant times, Plaintiff was an individual with a disability within the meaning of §3(2) of the ADA, 42 USC 12102(2). Specifically, Plaintiff has a physical impairment that substantially limits one or more of his major life activities, has a record of the impairment, and is regarded by Defendant as having the impairment.

18. Plaintiff is a qualified individual with a disability as that term is defined in the ADA, 42 USC 12111(8). Plaintiff is an individual who, with reasonable accommodation, can perform the essential functions of his job as an engineer.

19. Defendant's failure to make reasonable accommodations for Plaintiff constitutes discrimination against Plaintiff in respect to the terms of, conditions, or privileges of

employment. This conduct constitutes a violation of the ADA. 42 USC 12112(b)(5)(A).

20. Defendant has failed to undertake any good-faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodations for Plaintiff.

21. Defendant conducted itself with malice or with reckless indifference to Plaintiff's federally protected rights.

22. As a direct and proximate result of Defendant's discrimination on the basis of disability, Plaintiff has suffered lost wages, benefits, and loss of employment activities. In addition, Defendant's failure to make reasonable accommodation to Plaintiff has caused or continues to cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

**ACCORDINGLY,** Plaintiff asks this Court to award against Defendants as follows:

A. An order of this Court reinstating Plaintiff to an appropriate position with Defendant.

B. An order of this Court awarding Plaintiff compensatory damages in an amount to be determined at trial in this matter.

C. An order of this Court awarding Plaintiff punitive damages in an amount to be determined at the trial of this matter.

D. An award to Plaintiff of attorney fees, costs of litigation, and interest.

E. An award of this Court granting Plaintiff further relief that it deems just and equitable.

## COUNT II: VIOLATION OF THE PWDCRA

23. Plaintiff incorporates paragraphs 1-22 as though fully stated herein.

24. At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of MCL 37.1103 *et seq*. Specifically, Plaintiff has a physical impairment that substantially limits one or more of his major life activities, has a record of the impairment, and/or is regarded by Defendant as having the impairment.

25. Plaintiff is an individual who, with or without reasonable accommodation, can perform the essential functions of his job as an engineer at Defendant's facility.

26. In rejection of Plaintiff's request for accommodation, even though Defendant had available methods of accommodation which were not burdensome to Defendant in any manner, Defendant refused to accommodate Plaintiff's request for accommodation.

27. After refusing to comply with Plaintiff's request for accommodation Defendant terminated Plaintiff's employment.

28. Defendant's failure to make reasonable accommodations for Plaintiff, and Defendant's termination of Plaintiff's employment, constitutes discrimination against Plaintiff in respect to the terms, conditions, or privileges of employment in violation of the PWDCRA.

29. Defendant conducted itself with malice and/or with reckless indifference to Plaintiff's protected rights.

30. Defendant treated Plaintiff, because of his qualified disability, more harshly than it treated other employees for the same conduct.

31. As a direct and proximate result of Defendant's discrimination on the basis of Plaintiff's disability or perceived disability, Plaintiff has suffered lost wages, benefits, and loss of employment opportunities. In addition, Defendant's failure to make reasonable accommodation to Plaintiff has caused or continues to cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

**ACCORDINGLY,** Plaintiff asks this Court to award against Defendants as follows:

a. an order of this court reinstating Plaintiff to an appropriate position with Defendant;

b. an order of this court awarding Plaintiff compensatory damages above $75,000.00 and in an amount to be determined at trial in this matter;

c. an order of this court awarding Plaintiff punitive damages in an amount to be determined at the trial of this matter;

d. an award to Plaintiff of attorney fees, costs of litigation, and interest;

e. an order of this court granting Plaintiff further relief that it deems just and equitable.

_____/s/ Joel B. Sklar_____
JOEL B. SKLAR P38338
Attorney for Plaintiff
1116 Ford Building
615 Griswold
Detroit, MI 48226
313-963-4529
Joelb79@hotmail.com

                                                  /s/ Jeffrey S. Burg  
                                                  JEFFREY S. BURG (P38381)  
                                                  Attorney for Plaintiff  
                                                  35055 W. Twelve Mile Rd., Ste. 132  
                                                  Farmington Hills, 48331  
                                                  (248) 225-5027  
Dated: January 4, 2011                           jburg@comcast.net

## **DEMAND FOR JURY**

Plaintiff demands a trial by jury in this matter.

                                                  /s/ Joel B. Sklar  
                                                  JOEL B. SKLAR P38338  
                                                  Attorney for Plaintiff  
                                                  1116 Ford Building  
                                                  615 Griswold  
                                                  Detroit, MI 48226  
                                                  313-963-4529  
                                                  Joelb79@hotmail.com

                                                  /s/ Jeffrey S. Burg  
                                                  JEFFREY S. BURG (P38381)  
                                                  Attorney for Plaintiff  
                                                  35055 W. Twelve Mile Rd., Ste. 132  
                                                  Farmington Hills, 48331  
                                                  (248) 225-5027  
Dated: January 4, 2011                           jburg@comcast.net